UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 13)**

## I.      Introduction

On February 14, 2025, Fredrick Schulte ("Plaintiff"), brought this action against FCA US, LLC ("Defendant" or "FCA"), Glenn E. Thomas Dodge Chrysler Jeep ("Glenn E. Thomas"), and Does 1–10 in the Los Angeles Superior Court, asserting claims arising from Plaintiff's purchase of a 2022 Chrysler Pacifica Hybrid from Defendant. Dkt. 1-1. The Complaint advances five causes of action against Defendant: (i) a violation of Cal. Civ. Code § 1793.2(d) of the Song-Beverly Act; (ii) a violation of Cal. Civ. Code § 1793.2(b) of the Song-Beverly Act; (iii) a violation of Cal. Civ. Code § 1793.2(a)(3) of the Song-Beverly Act; (iv) breach of implied warranty of merchantability under the Song-Beverly Act; and (v) fraudulent inducement/concealment. *Id.* ¶¶ 53–71, 77–84. The Complaint advanced one cause of action for negligent repair against Glenn E. Thomas, *id.* ¶¶ 72–76. However, on June 2, 2025, Plaintiff voluntarily dismissed that claim. Dkt. 1-2 at 195–96.

On July 1, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal"). Dkt. 1 at 4. On August 27, 2025, Plaintiff filed a Motion for Remand (the "Motion"). Dkt 13. On September 10, 2025, Defendant filed an opposition. Dkt. 15. On September 17, 2025, Plaintiff filed a reply. Dkt. 16. Pursuant to L.R. 7-15, it was determined that the Motion could be decided without a hearing, and it was taken under submission. Dkt. 20. For the reasons stated in this Order, the Motion is **DENIED**.

## II.     Background

### A.      Parties

It is alleged that Plaintiff is a resident of Los Angeles County, California, and that he entered into a warranty contract with Defendant as to a 2022 Chrysler Pacifica Hybrid manufactured by Defendant (the "Vehicle"). Dkt. 1-1 ¶¶ 2, 8.

It is alleged that Defendant is a Delaware limited liability company that does business in California. *Id.* ¶ 4. It is alleged that Defendant has been engaged in the manufacture, construction, assembly, marketing, sale and/or distribution of motor vehicles in Los Angeles. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

B.      Allegations in the Complaint

It is alleged that, on or about February 16, 2022, Plaintiff entered into a warranty contract with Defendant regarding the Vehicle, which was manufactured and distributed by Defendant. Dkt. 1-1 ¶ 8. It is alleged that the Vehicle is primarily used for family or household purposes. *Id.* ¶ 10. It is alleged that the warranty contract contained certain written warranties, "including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc." *Id.* ¶ 9. It is alleged that certain defects and nonconformities to the warranties manifested within the applicable express warranty period, "including but not limited to, engine defects, transmission defects, electrical defects," and more. *Id.* ¶ 13.

It is alleged that when Plaintiffs purchased the Vehicle, it had a defective engine, and that Defendant knew of the defect but failed to disclose it to Plaintiffs prior to, at the time of, or after the sale of the Vehicle. *Id.* ¶¶ 16–22. It is alleged that 2022 Chrysler Pacifica Hybrid vehicles equipped with 3.6 L engines have one or more defects that can result in a "loss of power, stalling, engine running through, engine misfires, failure or replacement of the engine." *Id.* ¶ 17. It is alleged that Defendant knew or should have known of the defect based on routine monitoring of complaints, its own aggregate pre-market data and other aggregate post-market data from Defendant's authorized dealers. *Id.* ¶ 20. It is alleged that Defendant has not corrected the underlying problems that caused the engine defect and failed to conform the Vehicle to the terms of the express warranty after a reasonable number of repair attempts. *Id.* ¶ 29.

III.    <u>Analysis</u>

A.      Legal Standards

Except as precluded by Congress, any civil action brought in a state court may be removed by the defendant if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020)). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Salter*, 974 F.3d at 964 (*Leite*, 749 F.3d at 1121).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

moving party does not contest the factual allegations made in the removal notice, but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that seeks to establish them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014))).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

B.      Application

Plaintiff has moved to remand this action on the grounds that Defendant has not met its burden to show the basis for diversity jurisdiction. Dkt. 13-2 at 6. Plaintiff does not dispute that the parties are of diverse citizenship, but contends that Defendant has not shown that the amount in controversy exceeds $75,000. *Id.* at 10–23.

1.      Amount in Controversy

When an action is removed based on diversity jurisdiction, the removing party also bears the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

As noted, the amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

(a)    Actual Damages

The Complaint seeks damages under the Song-Beverly Act. Dkt. 1-1 at 16. Under that statute, actual damages include "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by "[t]he amount directly attributable to use by the buyer" prior to delivery of the vehicle to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also id.* § 1793.2(d)(1) ("the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less the amount directly attributable to use by the buyer prior to the discovery of the nonconformity").

The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). When a plaintiff leases a vehicle, as opposed to purchasing one, courts in this Circuit have considered "the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. 22-CV-1520, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002)).

The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).[1] The equation is: (X/120,000) multiplied by the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. *See id.* For a leased vehicle, the calculation is similar: "the set-off is calculated by taking as the purchase price of the Automobile—the agreed upon value . . . specified in the lease—multiplied by a fraction having as its denominator 120,000 and having as its

---

[1] In general, the amount in controversy calculation does not take into account affirmative defenses, counterclaims and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (the complaint's disclosure of "the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the vehicle under Cal. Civ. Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" is properly included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

numerator the number of miles traveled by the Automobile prior to the time [plaintiff] first delivered the vehicle for repair." *Brady*, 243 F. Supp. 2d at 1009.

The Complaint does not include allegations as to the total amount of actual damages. The Notice of Removal alleges that the lease price of the Vehicle was $39,435.65. Dkt. 1 ¶ 31. Defendant attached a copy of the California Motor Vehicle Lease Agreement ("Lease Agreement") entered into by Plaintiff and Defendant to the Notice of Removal. Dkt. 1-2 at 152–157. The Lease Agreement shows that the total amount to be paid by the end of the lease is $39,435.65, with $15,500 due at the time of lease signing or the delivery of the Vehicle. *Id.* at 152. The Lease Agreement also shows that the agreed-upon total cost of the Vehicle is $56,932.00. *Id.* at 153. The Lease Agreement shows that Plaintiff's first monthly payment on the Vehicle would be $672.59 due on January 29, 2022, with 35 payments of the same amount to be made by the 28th of each month thereafter. *Id.* at 152. The Lease Agreement also shows that the odometer showed 150 miles when Plaintiff first leased the Vehicle. *Id.* Based on the Lease Agreement, the date by which Plaintiff is to have made all payments on the Vehicle is on or around January 28, 2025. *See id.* Thus, at the time of removal, Plaintiff had no remaining payments due and would have paid the full lease price of $39,435.65.

As noted above, the restitution that can be awarded under § 1793.2(d)(2)(B) is to be reduced by the amount directly attributable to use by the consumer, which is measured by miles driven, prior to the first repair (or attempted repair) pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). In the Complaint and its exhibits, Plaintiff does not allege what the appropriate mileage offset should be. Nor does Plaintiff allege whether or at what point any repairs or attempts to repair the Vehicle were made. Further, Defendant makes no allegations as to the mileage offset in the Notice of Removal and through the Opposition, it contends that it "is not required to calculate the precise statutory mileage offset at this stage." Dkt. 15 at 14. However, as noted, the "use offset" is properly included in determining the jurisdictional amount. *Schneider*, 756 F. App'x at 701. Further, in connection with the Notice of Removal, Defendant provided copies of Plaintiff's repair records. *See* Dkt. 1-2 at 159–62. A review of the repair records shows that, on or around January 14, 2023, the Vehicle was serviced for the first (and only) time, and the odometer reading at that time was 15,673 miles. Dkt. 1-3 at 160–61; *see also* Dkt. 1-2 at 150 ¶¶ 2–3 (declaration stating that the vehicle was serviced in January 2022 and January 2023). This results in the calculation of an offset of $7364.63.[2] Applying these figures shows that $39,435.65 less $7364.63 is $32,071.02.

Based on Defendant's submissions, to which Plaintiff has neither objected nor otherwise responded, for jurisdictional purposes, it has been shown by a preponderance of the evidence that the Complaint seeks $32,071.02 in actual damages.

(b)     Civil Penalties

Under the Song-Beverly Act, a plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c). The Complaint seeks the full amount of such a civil penalty. It alleges that Defendant intentionally refused to comply with the Song-Beverly Act. Dkt. 1-1 ¶¶ 56, 63, 66. Where a complaint alleges willful violations of

---

[2]  15,673 miles – 150 at-purchase miles = 15,523 miles. (15,523 miles/120,000) x $56,932.00 (full cash value of vehicle) = $7364.63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

the Song-Beverly Act and requests the imposition of the full penalty, courts have included the aforementioned maximum civil penalty in calculating the amount in controversy. *See Amavizca v. Nissan N. Am., Inc.*, No. 22-CV-2256, 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (collecting cases); *see id.* at *8 ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy.").

The Complaint alleges that Defendant intentionally violated the Song-Beverly Act. Dkt. 1-1 ¶¶ 56, 63, 66. The Complaint also alleges that, prior to purchasing the Vehicle, Defendant knew that the 2022 Chrysler Pacifica Hybrid had one or more defects that result in a loss of power, stalling, engine running through, engine misfires, failure, or replacement of the entire engine. *Id.* ¶ 17. It is alleged that these kinds of defects can suddenly affect a driver's ability to control the vehicle, cause a non-collision-based vehicle fire, or cause the vehicle to fail without warning. *Id.* ¶ 18. It is alleged that Defendant knew of such defects through pre-production and post-production testing data, early consumer complaints made to Defendant and its network of dealers, aggregate warranty data from Defendant's dealers, testing conducted in response to consumer complaints, and warranty repair and parts replacement data received by Defendant. *Id.* ¶ 20.

It is also alleged that, although Defendant was "fully aware" of the defect, Defendant actively concealed the nature of the defect from Plaintiff at the time of purchase and repair. *Id.* ¶ 26. It is alleged that Defendant has still not corrected the underlying problems that caused the engine defect and has failed promptly to replace the Vehicle or make restitution. *Id.* ¶¶ 28, 30. It is also alleged that Defendant's failure to comply with its obligations under Cal. Civ. Code § 1793.2(d) was willful. *Id.* ¶¶ 56, 63, 66. The basis for this assertion is that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts to do so, but Defendant refused to replace the Vehicle or make restitution. *Id.* ¶¶ 56, 63; *see also id.* ¶ 66 (alleging willfulness because Defendant failed to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period). Thus, the Complaint alleges that the imposition of a civil penalty is in controversy. With alleged actual damages of $32,071.02, the maximum civil penalty alleged would be twice this amount, *i.e.,* $64,142.04.

Based on the foregoing, Defendant has shown by a preponderance of the evidence the alleged actual damages and civil penalties in controversy total approximately $96,213.06. Plaintiff also seeks an award of attorney's fees and punitive damages, which would increase this amount. However, because it has already been shown that the amount in controversy exceeds $75,000, it is unnecessary to analyze those issues.

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05999-JAK (PDx) | Date | March 2, 2026 |
| Title | Fredrick Schulte v. FCA US, LLC, et al. | | |

## IV. Conclusion

Because Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that there is diversity of citizenship between the parties, there is subject matter jurisdiction over this action. For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                              _____ : _____

                                        Initials of Preparer        LC3